NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BERNIE ALVIN FELDER,  :
                                    :  Civil Action No. 08-0072 (DMC)
        Plaintiff,  :
                                    :
        v.  :  **OPINION**
                                    :
J. LIAONE,  :
                                    :
        Defendant.  :

APPEARANCES:

Plaintiff pro se
Bernie Alvin Felder
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**CAVANAUGH**, District Judge

    Plaintiff Bernie Alvin Felder, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on August 28, 2007, while he was being transported from the Hudson County Jail to the Livingston Mall Night Court in Livingston, New Jersey, the car in which he was riding was involved in an accident. Plaintiff alleges that Officer J. Liaone refused him medical attention.

The only named defendant is Hudson County Sheriff's Officer J. Liaone. Plaintiff seeks compensatory damages for pain and suffering.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

The second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. <u>Andrews v. Camden County</u>, 95 F.Supp.2d 217, 228 (D.N.J. 2000); <u>Peterson v. Davis</u>, 551 F.Supp. 137, 145 (D. Md. 1982), <u>aff'd</u>, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment

do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." Monmouth County Corr.

Inst. Inmates v. Lanzaro, 834 F.2d at 346 (citations omitted). "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." Id. (citations omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'" Id. at 347 (citation omitted).

Here, Plaintiff has failed to allege any facts suggesting that he suffered from a serious medical need at the time of the accident or that Officer Liaone demonstrated deliberate indifference to a serious medical need. The mere fact that the car in which Plaintiff was riding was involved in an accident demonstrates neither serious medical need or deliberate indifference. Accordingly, the Complaint must be dismissed for failure to state a claim.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.[1] However, because it is conceivable that Plaintiff may be

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally

8

able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to move to re-open, accompanying any such motion with a proposed amended complaint.[2] An appropriate order follows.

                              /s/ Dennis M. Cavanaugh
                              Dennis M. Cavanaugh
                              United States District Judge

Dated: 4.9.08

---

resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

In addition, any proposed amended complaint must be signed, which this Complaint was not. See Fed.R.Civ.P. Rule 11(a).

9